IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID WAYNE BURGE                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO.3:08cv306-JCS

CHRISTOPHER EPPS, Commissioner,
Mississippi Department of Corrections                                DEFENDANT

MEMORANDUM OPINION AND ORDER

This action, brought pursuant to 42 U.S.C. § 1983, is before the court on the
parties' cross-motions for summary judgment.   An order of reference to the undersigned
was previously entered herein, and the parties have consented to exercise of jurisdiction
by the undersigned.  Having considered the motions, the court concludes that Plaintiff's
motion should be denied and Defendant's motion granted.

Plaintiff is a state inmate in the custody of the Mississippi Department of
Corrections (MDOC).  In his complaint, he alleges that his sentence is being incorrectly
calculated because MDOC has failed to credit him for time served in MDOC's drug and
alcohol treatment program.  Plaintiff requests that this court order MDOC to properly
credit this time toward his sentence and to award him compensatory damages.

Relief in the form of an order directing MDOC to credit his sentence is not available
under § 1983.  A prisoner's claim attacking his current confinement or alleging entitlement
to accelerated release from incarceration is properly pursued in a petition for habeas
corpus relief, not in an action pursuant to § 1983.  *Carson v. Johnson*, 112 F.3d 818, 821-
21 (5th Cir. 1997).  Accordingly, Defendant is entitled to judgment as a matter of law on
this portion of Burge's claim.

Furthermore, as Defendant points out, Plaintiff has alleged no specific conduct on the part of Defendant indicating that Defendant was somehow personally involved in the failure to properly calculate his sentence or alleging that Epps committed any wrongful act. Thus, his claim against Epps in his individual capacity necessarily fails as a matter of law. To the extent that Plaintiff is attempting to hold Epps liable in his official capacity, that attempt runs foul of the Eleventh Amendment, as that portion of the Constitution bars suits in federal court against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

For these reasons, the court concludes that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 23rd day of November, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE